UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

LILLIE FAYE RAMEY                                   CIVIL ACTION NO. 07-1286

versus                                              JUDGE JAMES

CANTRELL MACHINE CO., INC.                          MAGISTRATE JUDGE HORNSBY


**MEMORANDUM ORDER**

Plaintiff filed this civil action in state court against four companies. Two of the defendant companies filed a Notice of Removal based on an assertion of diversity jurisdiction. The court has a duty to ensure that there is a factual basis for the exercise of subject matter jurisdiction. The removing parties bear the burden of establishing those facts.

Defendants represent that Plaintiff is a domiciliary and, therefore, a citizen of Louisiana. The names of the four defendants indicate that three are corporations and one is a limited liability company. With respect to their citizenship, the removing parties allege only that all of the Defendants "appear to be foreign corporations organized under the laws of states other than Louisiana and have their principal places of business in states other than the State of Louisiana." Doc. 1, ¶ 3. Those allegations do not take into consideration that one defendant appears to be a limited liability company and are, even with respect to the corporations, not sufficient to establish diversity of citizenship.

A **corporation** is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). In order to adequately establish diversity jurisdiction, a complaint must set forth "with specificity" a

corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001); Getty Oil Corp. v. Insurance Company of North America, 841 F.2d 1254, 1259 (5th Cir. 1988).

If Hill & Sons, L.L.C. is, as its name suggests, a **limited liability company**, its state of organization and principal place of business are not relevant to its citizenship. The citizenship of an LLC is the same as the citizenship of its members. To satisfy their burden to establish a factual basis for the exercise of diversity jurisdiction, the removing parties must identify and set forth the citizenship of each member of the LLC. If members are themselves entities or associations, the citizenship must be traced through however many layers of members there may be, and failure to do so can result in dismissal for want of jurisdiction. See Shreveport Group, LLC v. Zurich North American Ins. Co., 2006 WL 1523203 (W. D. La. 2006); Masion v. Liberty Mut. Ins. Co., 2006 WL 1675378 (W.D. La. 2006). The task may seem onerous in some cases, but several cases removed to this court have been found lacking in subject matter jurisdiction after the court insisted on a detailed pleading of entity citizenship. It is best to resolve such issues early in the case.

The removing parties will be allowed until **October 5, 2007 to file an Amended**

**Notice of Removal** and attempt to set forth specific facts to satisfy their burden with respect to pleading the citizenship of the parties. The also court notes that the removing parties set forth no facts in their Notice of Removal regarding the **amount in controversy**. They merely assert that they are "now informed, and on such (undisclosed) information" believe that the claim for damages is in excess of $75,000. That requires the court to look solely to the face of the petition, which reveals that the Plaintiff claims to have suffered a partial amputation of her right thumb and a rupture of her knee cap. Those injuries are likely sufficient to convince most judges that the amount in controversy exceeds $75,000, but, if the removing parties do not wish to take chances in that regard, they should add to their Amended Notice of Removal additional facts about the injury, medical care, settlement demands or other facts that would tend to satisfy their burden on the issue of the amount in controversy.

  THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of September, 2007.

                     _____
                     MARK L. HORNSBY
                     UNITED STATES MAGISTRATE JUDGE