UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| LILLIE FAYE RAMEY | CIVIL ACTION NO. 3:07CV1286 |
| VERSUS | JUDGE ROBERT JAMES |
| CANTRELL MACHINE CO., INC., D & F EQUIPMENT SALES, INC., GLOBE MACHINE COMPANY AND METAL FABRICATORS, INC., HILL & SONS, L.L.C. and HILL & SONS, INC. | MAG. JUDGE MARK L. HORNSBY |

## AMENDED AGREED PROTECTIVE ORDER

NOW on this  28  day of    March    , 2008, this matter comes before the Court by agreement of the parties, through undersigned counsel, seeking entry of an Amended Protective Order.  The original Protective Order remains in effect.  The contents of the duties and obligations reflected in this Amended Protective Order are identical to the original Protective Order.  However, an additional entity and counsel have now joined.  For the purpose of this document, that entity - Pilgrim's Pride Corporation of Delaware, Inc. - shall be included within the definition of "parties" as used, below, although Pilgrim's Pride Corporation of Delaware, Inc. is not actually a party to the litigation.

WHEREUPON, counsel advise the Court that in the discovery of this case, the parties will seek from one another information and documents containing confidential and proprietary information relating to the respective parties' businesses.  Such information could possibly be used to create an unfair business advantage, which all parties wish to avoid.  Counsel further advise the Court that they believe the following terms will provide the necessary protection.

WHEREUPON,  after reviewing the parties' joint request and hearing statements of counsel, the Court finds that:

1. It is desirable for the parties in this action and their respective counsel to coordinate their efforts and exchange information for the purposes of this action in the most expeditious fashion possible, with a minimum of burden, expense, disputes and delay.

2. The discovery sought by the parties would likely reveal proprietary information of the business operations of the other party, which is sensitive and confidential.

3. The purpose of this Protective Order is to protect the confidentiality of said business information, and to insure the parties can obtain and pursue discovery with a minimum of delay and expense.

4. For purposes of this Protective Order, the following words shall have the following meanings:

    a. "Documents" shall mean (1) all written, recorded or graphic matter which (a) are or have been produced in connection with this action; and (b) are produced in this action to either party by any non-party pursuant to the Louisiana Code of Civil Procedure or as otherwise ordered by the Court; and (2) any copies, reproductions or summaries of the foregoing, including microfilm copies.

    b. "Discovery Materials" shall mean (1) Documents other than documents which are publicly available (i.e., obtainable without formal legal process); (2) answers to interrogatories, responses to requests for production and responses to requests for admissions served or filed in this action; and (3) deposition testimony taken in this action and deposition exhibits. "Discovery Materials" shall also include copies, excerpts and summaries of such documents in any pleadings or papers filed with the Court which quote from, summarize, incorporate or attach any of the foregoing materials.

    c. "Confidential Information" shall mean proprietary or confidential financial or commercial information, the use of, or disclosure by, either party or other third parties or the disclosure of which to certain personnel of another party or to third parties may cause injury to the business of the party producing such information.

5. All Discovery Materials which the producing party claims contain proprietary or confidential information or disclose Confidential Information shall be designated as "Confidential" by the producing party by stamping such a designation on each page which contains Confidential Information, or by designating such materials by bates number in written correspondence to counsel for any other party.

6. All Discovery Materials designated as set forth in paragraph 5 that are produced or provided, and the contents thereof, shall be used by the non-producing party solely for the purposes of litigation between the parties. Except by order of the Court, such Discovery Materials and the information contained therein shall not be used by anyone other than the producing party for any non-litigation purpose, including, without limitation, any business or commercial purpose.

7. The parties are free to reproduce the Discovery Materials subject to this Protective Order if all such copies are treated as though they were originals and the confidentiality of each such copy is maintained in accordance with the terms and conditions of this Order. Copies of all documents and other tangible things containing information derived from these documents shall also be treated as confidential.

8. Subject to the terms, conditions and restrictions of this Protective Order, Discovery Materials designated as set forth in paragraph 5 shall be disclosed only to the following persons:

    a. Counsel;

    b. Insurers or reinsurers to whom any of the parties have an obligation in existence at the time of the entry of this Protective Order to provide any such materials;

    c. Any witness or potential witness in this action who is contacted by or on behalf of the parties' respective counsel of record for purposes of pretrial investigation, deposition preparation or witness interrogation, provided that the such witness or potential witness may only be shown and may not retain a copy of such Discovery Materials;

d. Experts, consultants and private investigators retained, specially employed or informally consulted by counsel concerning the preparation and trial of this action;

e. Auditors or others engaged by any party for the purpose of preparing, filing or otherwise complying with any securities or other regulatory obligations, to report, synthesize and/or disclose the affairs of the party;

f. Court reporters and other persons involved in recording deposition testimony in this action;

g. Employees of copying and/or microfilming services utilized with respect to this action;

h. The Court and any persons employed by the Court whose duties require access to any information filed in connection with this action.

9. Before disclosing any Discovery Materials designated pursuant to paragraph 5 to any person or entity, other than the parties' lawyers as specified in paragraphs 8a or to court personnel as specified in paragraphs 8f and 8h, disclosing counsel shall advise said persons of the provisions of this Protective Order and shall provide them with a copy of this Protective Order. Except for defendant's counsel specified in paragraph 8a or to court personnel as specified in paragraphs 8f and 8h, the persons specified above shall execute a written agreement to be bound by this Protective Order before any Discovery Materials designated pursuant to paragraph 5 are shown to them. The form of the agreement to be bound shall be as follows:

### AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

**The undersigned acknowledges receipt of a copy of the PROTECTIVE ORDER REGARDING ("Protective Order") in the matter of *Lillie Faye Ramey,* Plaintiff, *v. Cantrell Machine Co., Inc., D&F Equipment Sales, Inc., Globe Machine Company and Metal Fabricators, Inc., Hill & Sons, LLL, and Hill & Sons, Inc.*, Defendants, Case No. 3:07-CV-1286 in the United States District Court, Western District of Louisiana, Monroe Division.**

The undersigned agrees to be bound by the Protective Order and to maintain all Discovery Materials designated in accordance with such Protective Order in confidence, and not to disclose such Discovery Materials to anyone other than in accordance with the terms of this Protective Order.

If the undersigned executes this agreement on behalf of an entity, this agreement also shall bind all the employees, agents and representatives of the entity.

Date_____

Name_____

Title_____

On Behalf Of_____

Signature_____

Disclosing counsel shall maintain a copy of all agreements executed by persons to whom Discovery Materials designated pursuant to paragraph 5 have been disclosed, as well as a list of all persons to whom such Discovery Materials have been disclosed.  Said lists and executed agreements shall be deemed attorney work product material during the pendency of this action and need only be disclosed by the parties to each other at the final disposition of this action, including any appeal of any judgment herein, or to the Court for an *in camera* review in connection with any proceeding initiated to enforce compliance, or punish noncompliance, with this Protective Order.

        10.    In the event that any person is asked at a deposition with respect to which a party or non-party asserts that the answer requires the disclosure of Confidential Information, such question shall nonetheless be answered by the witness fully and completely, subject to other objections or instructions asserted by counsel for the party or non-party yielding the deposition. Prior to answering, however, all persons, other than the witness, who are not allowed to obtain Confidential Information pursuant to paragraph 8 of this Protective Order shall leave the room during the time in which this information is disclosed or discussed.  Alternatively, or in addition, counsel for the designating party may, within ten (10) business days after receipt of the

deposition transcript (and videotape as applicable), notify all other counsel, on the record or in writing, that the information disclosed has been designated pursuant to paragraph 5. Those portions of the deposition that are so designated shall be filed separately and under seal with the Court whenever the deposition is so filed. In order to facilitate such designations, unless otherwise agreed to in writing by the designating party, all deposition transcripts shall be treated as though the entire transcript has been designated pursuant to paragraph 5 until ten (10) business days after receipt of the transcript.

11. All Discovery Materials designated pursuant to paragraph 5 that are filed with the Court shall be filed and kept under seal until further order of the Court; provided, however, that such Discovery Materials shall be available to the Court and counsel of record.

```
Parties must obtain leave of court before filing materials under seal.
                                                                   MLH
```

12. The production of any Discovery Materials shall be without prejudice to any claim by the producing party, or producing third person, that such material is protected by any privilege or work product doctrine of the applicable jurisdiction, and no party or third person shall be held to have waived any of its rights under such privilege or doctrine by the inadvertent production of such materials. Counsel for the producing party or third person shall promptly notify all other counsel upon discovery of such inadvertent production, at which point all receiving counsel shall return any such inadvertently produced materials to the producing party or third person. After return of the materials, any claim of privilege or work product may be submitted to the Court for determination.

13. If at any time a party objects to a designation of information as pursuant to paragraph 5, the objecting party shall so notify the designating party in writing. The notices shall identify the information in question, and shall specify in reasonable detail the reason or reasons for the objection. Within fifteen (15) business days of the receipt of such notice, the designating party may apply to the Court for a ruling on the continued status of the information. The application shall set forth in reasonable detail the reasons why the designating party believes the information is entitled to the designated status. The designated status of the information shall be maintained until final ruling on the application. If no application is submitted within the

period stated above, the information shall be deemed not to be Confidential Information and shall be treated as if had not been so designated.

14. Nothing in this Protective Order shall prevent disclosure as required by law or compelled by order of Court. If any third party moves to compel a party to this action to produce any Discovery Materials designated pursuant to paragraph 5, such party shall notify the party who originally produced such Discovery Materials that a motion has been made in order to allow the party who originally produced such Discovery Materials the opportunity to oppose the motion. In addition, if a party is ordered to produce Discovery Materials covered by this Protective Order, notice of the order compelling disclosure shall immediately be given to the party that produced such Discovery Materials.

15. Nothing in this Protective Order restricts the use a party may make of any Discovery Materials produced or generated by it in this action provided that such Discovery Materials contain no Confidential Information or contain only the Confidential Information of such party.

16. This Protective Order shall continue to be binding after the conclusion of this action except that a party may seek the written permission of the producing party or further order of the Court with respect to dissolution or modification of this Protective Order. The Court shall retain jurisdiction to enforce or modify this Protective Order.

17. At the conclusion of this action, including any appeals from any judgment or order entered by this Court and any retrial, counsel shall at their option either return all Discovery Materials designated as pursuant to paragraph 5 that were produced to counsel by the other party and certify in writing that all such Discovery Materials have been returned; or destroy all such Discovery Materials in such a manner as to preclude disclosure of the Discovery Materials to persons other than those specified above, and subject to the terms, conditions and restrictions of this Protective Order.

    18. In the event it is determined that either party, or any individual who obtained confidential information produced in this case by or to either party, used or disclosed any Confidential Information in violation of this Agreement, such party or individual will be subject to such penalty as may be imposed by a court of competent jurisdiction.  In the event litigation arises out of the enforcement of this Protective Order, then in addition to such sanctions and penalties the Court may impose, the Court shall also award the prevailing party all reasonable costs and expenses, including attorney fees.

    THEREFORE, the Protective Order already filed in the record is hereby amended as reflected and in accordance with the terms set forth above.

_____
~~JUDGE~~/MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

| | |
|---|---|
| Breithaupt, Dunn, DuBos, Shafto & Wolleson | Davenport, Files & Kelly |
| Community Trust Bank Building | 1509 Lamy Lane |
| 1800 Hudson Lane, Suite 200-A | Post Office Box 4787 |
| Monroe, Louisiana 71201 | Monroe, Louisiana 71211-4787 |
| Telephone: (318) 322-1202 | Telephone: (318) 387-6453 |
| Facsimile: (318) 322-1984 | Facsimile: (318) 323-6533 |
| E-mail: mdubos@bddswlaw.com | E-mail: mjf@dfklaw.com |
| | |
| By:  /s/ Michael L. DuBos | By:  /s/ Michael J. Fontenot |
| Michael L. DuBos | Michael J. Fontenot |
| Louisiana Bar Roll No. 23944 | Louisiana Bar Roll No. 5671 |
| Attorney for Plaintiff | Attorney for Hill & Sons, LLC |
| | |
| Hayes, Harkey, Smith & Cascio | Law Offices of Amos H. Davis |
| 2811 Kilpatrick Boulevard (71201) | 7932 Wrenwood Blvd. |
| Post Office Box 8032 | Suite B |
| Monroe, Louisiana 71211-8032 | Baton Rouge, Louisiana 70809 |
| Telephone: (318) 387-2422 | Telephone: (225) 248-1400 |
| Facsimile: (318) 388-5809 | Facsimile: (225) 248-1451 |
| E-Mail: tom@hhsclaw.com | E-Mail: Amos@ahdlaw.com |
| | |
| By:  /s/ Thomas M. Hayes, III | By:  /s/ Amos H. Davis |
| Thomas M. Hayes, III | Amos H. Davis |
| Louisiana Bar Roll No. 6685 | Louisiana Bar Roll No. 4718 |
| Attorney for Cantrell Machine Co., Inc. | Attorney for Globe Machine Company and Metal Fabricators, Inc. |

Perkins and Associates Law Firm

401 Market Street

Suite 900

Shreveport, Louisiana 71101

Telephone: (318) 222-2426

Facsimile: (318) 222-0548

E-Mail: ray@perkinsfirm.com

By:  /s/ Richard R. Ray

    Richard R. Ray

    Louisiana Bar Roll No. 26708

Attorney for D&F Equipment Sales, Inc.

Wright & Underwood, LLP

2000 North Seventh Street, Suite D

West Monroe, LA 71294-3076

Telephone: (318) 322-1000

Facsimile: (318) 325-9866

By:  /s/ Bobby N. Underwood

    Bobby N. Underwood

    Louisiana Bar Roll No. 24239

Co-counsel for Lillie Faye Ramey.

Harrell and Nowak, L.L.C.

650 Poydras Street

Suite 2107

New Orleans, LA 70130

Telephone: (504) 522-7885

Telefax: (504) 528-3131

By:  /s/ Eric R. Nowak

    Eric R. Nowak

    Louisiana Bar Roll No. 24239

Attorney for Pilgrim's Pride Corporation